IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| THE MINH TRAN,<br>A NO. 74504438,<br><br>Petitioner,<br><br>v.<br><br>ERIC H. HOLDER, *et al.*,<br><br>Respondents. | § § § § § § § § § § | CIVIL ACTION H-14-1767 |

MEMORANDUM AND ORDER OF DISMISSAL

Petitioner The Mihn Tran, a native and citizen of Vietnam, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging his continued detention by the Department of Homeland Security - Immigration and Customs Enforcement (ICE). (Docket No. 1.) Before the Court is Respondent's Motion to Dismiss the petition as moot because Petitioner has been released from detention. (Docket No. 6) Petitioner has not responded to the motion to dismiss.

The jurisdiction of the federal courts is limited under Article III, section 2 of the Constitution to the adjudication of actual, live "cases" and "controversies." U.S. Const. Art. III; Alwan v. Ashcroft, 388 F.3d 507, 511 (5th Cir. 2004). When a habeas petitioner has been released from custody, the Court can continue to exercise jurisdiction over the petition only if the petitioner "demonstrates 'some concrete and continuing injury other than the now-ended incarceration.'" Zalawadia v. Ashcroft, 371

F.3d 292, 297 (5th Cir. 2004) (quoting Spencer v. Kemna, 523 U.S. 1, 7 (1998)). In other words, the petitioner must show that "some 'collateral consequence' of the litigation's outcome persists." Alwan, 388 F.3d at 511 (quoting Spencer, 523 U.S. at 8).

According to the original petition, Petitioner was first taken into ICE custody on October 21, 2013. (Docket No. 1 at 2.) An order of removal was entered in Petitioner's immigration proceedings on November 26, 2013. (Id.) Petitioner does not indicate that he filed an appeal to the Board of Immigration Appeals (BIA). Petitioner filed the instant habeas corpus action on June 24, 2014, challenging the constitutionality of his continued detention pursuant to Zadvydas v. Davis, 533 U.S. 678 (2001) (holding six months to be the presumptively reasonable period during which ICE may detain aliens to effectuate their removal).

On October 10, 2014, Respondents filed the present Motion to Dismiss asserting that the petition is now moot because Petitioner was released from INS custody on October 8, 2014. (Docket No. 6.) Respondents have attached documentation confirming that Petitioner has been released from detention and placed on supervision. (Docket No. 6-2). Because Petitioner has not alleged any persisting "collateral consequence" stemming from his detention, he no longer has a personal stake in the outcome of this action.

Accordingly, Respondents' Motion to Dismiss (Docket No. 6) is GRANTED. All other pending motions, if any, are DENIED, AS MOOT. And, this habeas action is DISMISSED WITHOUT PREJUDICE.

It is SO ORDERED.

SIGNED at Houston, Texas, on November 22, 2014.

EWING WERLEIN, JR.
UNITED STATES DISTRICT JUDGE